■ In the Matter of ANONYMOUS, an Applicant for Admission to the Bar. [883 NYS2d 733]—

Per Curiam. Applicant passed the July 2002 New York State bar exam and the State Board of Law Examiners certified him for admission to this Court (see 22 NYCRR 520.7). The Committee on Character and Fitness has completed its investigation of his application for admission, including an interview of applicant (see 22 NYCRR 805.1).

By order dated January 16, 2007, the New Jersey Supreme Court admitted applicant to practice, on conditions. Those conditions state that applicant shall (1) remain abstinent from all intoxicating substances, (2) continue therapy with his psychiatrist and psychologist until discharged by them, (3) attend a minimum of three meetings of Alcoholics Anonymous and the Lawyers Concerned for Lawyers per week, (4) not engage in solo practice unless under the auspices of a supervising attorney chosen by him and approved by the New Jersey Committee on Character, and (5) certify compliance with the above conditions to the New Jersey Supreme Court quarterly and have verifications of attendance at meetings of Alcoholics Anonymous or Lawyers Concerned for Lawyers. The order stated that the conditions shall remain in effect for three years and until further order of the New Jersey Supreme Court. Applicant resides and is employed by a law firm in New Jersey.

Under all the circumstances, we deny this application for admission without prejudice to renewal following applicant's unconditional admission to practice in New Jersey. Upon any such renewal, we will consider all of the facts and circumstances and determine whether applicant has established the character and general fitness requisite for an attorney and counselor-at-law (see Judiciary Law § 90 [1] [a]).

Cardona, P.J., Mercure, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that this application for admission is denied without prejudice to renewal upon the terms set forth in this decision.